UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAVID RESNICK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID SHEPARD, *et al.*, <br><br> Defendants. | Civil No. 07cv813-L(CAB) <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANT BRYAN ROBERTS BY ALTERNATIVE MEANS** |

In this breach of contract, fraud and business tort action, Plaintiffs filed an *Ex Parte* Application for Leave to Serve Defendant Bryan Roberts by Alternative Means ("Application"). Defendant Bryan Roberts ("Roberts") apparently was at the pertinent time a director of Defendant Sky Windpower Corporation ("SWP"), a California corporation, but resides in Australia. After unsuccessful attempts to serve Roberts personally at his residence in Australia, Plaintiffs request leave to serve him by email, or by a combination of email, regular mail, and delivery to SWP. For the reasons which follow, the Application is **DENIED WITHOUT PREJUDICE**.

Federal Rule of Civil Procedure 4(f) governs service upon individuals in a foreign country. Rule 4(f)(3), upon which Plaintiffs rely, provides in pertinent part:

> (f) Service Upon Individuals in a Foreign Country. Unless otherwise provided be federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place

1       not within any judicial district of the United States:
      . . .
2       (3) by other means not prohibited by international agreement as may be directed by
      the court.

3

4 "As is obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the

5 court; and (2) not prohibited by international agreement." *Rio Properties, Inc. v. Rio Int'l*

6 *Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "Even if facially permitted by Rule 4(f)(3), a

7 method of service of process must also comport with constitutional notions of due process. To

8 meet this requirement, the method of service crafted by the district court must be 'reasonably

9 calculated, under all the circumstances, to apprise interested parties of the pendency of the action

10 and afford them an opportunity to present their objections.'" *Id.* at 1016, quoting *Mullane v.*

11 *Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

12       Plaintiffs' Application is insufficient to meet these requirements in two respects, each of

13 which is by itself a sufficient basis to deny the Application. First, beyond a conclusory

14 statement that "Australia is not a signatory to the Geneva Convention" (Pls' Mem. of P. & A. at

15 2), Plaintiffs do not indicate whether they inquired whether Australia may be a signatory to the

16 Hague Convention or any other relevant international agreement. The court therefore cannot

17 conclude that the alternative means Plaintiffs propose are not prohibited by an international

18 agreement. *See Rio*, 284 F.3d at 1015 n.4 ("A federal court would be prohibited from issuing a

19 Rule 4(f)(3) order in contravention of an international agreement, including the Hague

20 Convention referenced in Rule 4(f)(1).").

21       Second, Plaintiffs' arguments, intended to show that the proposed alternative means of

22 service comport with due process, are based primarily on the declaration of Albert J. Grenier

23 ("Grenier"). However, the declaration does not include admissible evidence on key points.

24 Grenier declared he "believ[ed] that Bryan Roberts is aware of the . . . litigation . . .." This

25 belief is based on three items: an email message to Roberts, a telephone message to Roberts and

26 communications between Roberts and Defendant David Shepard ("Shepard").

27       Grenier sent an email to Roberts at the address he had previously used to communicate

28 with him regarding SWP matters. He did not receive a response from Roberts, however, based

on a return receipt, he was able to determine "the IP address and domain name of the computer that opened the email" and when.  Although Grenier was able to trace the computer to Lindfield, Australia, he does not assert that the email was opened by Roberts.  Grenier believes Lindfield is the location of Roberts' office at the Kuring-gai campus of the University of Technology of Sidney; however, he does not provide any foundation for his belief.

Grenier also left a message on the answering machine at Roberts' residence, at the telephone number he had previously used to communicate with Roberts regarding SWP business.  Grenier does not state when he left the message or whether he had received a return call or any other indication that Roberts received his message.

Last, Grenier's belief that Roberts knows about this lawsuit it based in part on his conversations with Shepard.  Grenier states that Shepard told him Roberts had asked him to remove his name as a director of SWP from the company's website because of this lawsuit and that Roberts had said he was very upset about the lawsuit.  The problem with Grenier's reliance on Shepard's statements about what Roberts had said is the hearsay nature of such statements.

For the foregoing reasons, Plaintiffs' Application is **DENIED WITHOUT PREJUDICE** to resubmitting it with the appropriate evidence and legal argument regarding international agreements.

**IT IS SO ORDERED**.

DATED: August 28, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL