UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RESNICK, *et al.*,<br><br>              Plaintiffs,<br><br>v.<br><br>DAVID SHEPARD, *et al.*,<br><br>              Defendants. | Civil No. 07cv813-L(CAB)<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING AS MOOT DEFENDANTS' MOTIONS TO STRIKE AND TO DISMISS** |

Plaintiffs David Resnick and Sky Power, LLC ("Sky") filed a complaint for breach of contract and other state law claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendants David Shepard and Sky WindPower Corporation ("SWP") field motions to strike pursuant to Federal Rule of Civil Procedure 12(f) and dismiss pursuant to Rule 12(b)(6). Because the complaint fails to allege the facts necessary to determine whether the parties are diverse, it is dismissed for lack of subject matter jurisdiction. Defendants' motions are denied as moot.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus.*

*Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

Plaintiff alleges that Resnick is an Oregon resident and Sky is a Nevada LLC with a principal place of business in Nevada.[1] He further alleges that Defendant David Shepard is a California resident, Defendant Bryan Roberts is an Australian resident, and Defendant Sky WindPower Corporation is a California corporation with its principal place of business in California. (Compl. at 1.)

For diversity purposes, a person is a citizen of a state in which he is domiciled. *Kanter*, 265 F.3d at 857. Plaintiffs do not allege where Messrs. Resnick and Shepard are domiciled, but were they reside. "But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Accordingly, Plaintiffs fail to adequately allege citizenship of Messrs. Resnick and Shepard for purposes of diversity jurisdiction. *See id.*

Furthermore, the citizenship of a limited liability company is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Plaintiffs do not allege the citizenship of each of Sky's members, which is necessary to establish diversity in this case.

Because the complaint does not allege the facts necessary to establish diversity as required by 28 U.S.C. § 1332, it is **DISMISSED** for lack of subject matter jurisdiction. Plaintiffs may amend the complaint to correct this pleading defect. *See* 28 U.S.C. § 1653. Any

---

[1] The complaint states that Sky is a "limited liability corporation," however, a search on the Nevada Secretary of State website reveals that it is a limited liability company.

such amended complaint shall be filed no later than **March 28, 2008**.  Defendants' pending motions to strike pursuant to Federal Rule of Civil Procedure 12(f) and dismiss pursuant to Rule 12(b)(6) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: February 27, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL